In re MAHAR.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

1. ESTOPPEL (§ 68*)—EQUITABLE ESTOPPEL—COMPENSATION OF ATTORNEY.

Where an attorney prepares for an administratrix an account to be filed in the Surrogate Court, and in that account includes $100 as moneys paid to him for services for her appointment as administratrix, and makes no other claim against her, he cannot thereafter claim a lien on funds in his hands belonging to her for services for her appointment in addition to the $100.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. § 68.*]

2. EXECUTORS AND ADMINISTRATORS (§ 513*)—ACCOUNTING—TITLE TO FUNDS.

An administratrix in her accounting included $600 as having been paid to a legatee, which was in fact paid to her attorney, also acting as attorney for the legatee. Held, that the administratrix on an application to recover money held by the attorney, and on which he claimed a lien, could assert no claim to any part of the $600, as she had no title to it.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 513.*]

Appeal from Special Term, Rensselaer County.

Application by Margaret A. Mahar to compel the payment of money received by her attorney, Edgar T. Chapman, Jr. From the order entered, Chapman appeals. Modified.

The order appealed from confirms the report of a referee and directs the appellant to pay over to the petitioner certain moneys in his hands which she claims he received while acting as her attorney. The petitioner was the administratrix of her mother and one of her next of kin. The appellant was employed as her attorney, and procured the issuance to her of letters of administration upon her mother's estate, and continued to act in that capacity up to and including the final settlement of the estate in the Surrogate's Court. Immediately after the appointment of the petitioner as administratrix, she paid the appellant $100, for the purpose of covering necessary expenses connected with the estate. Out of that sum the appellant disbursed $16.50,

leaving the remainder in his hands, except a small amount paid for car fares. Among the personal property belonging to the deceased was a policy of insurance for $1,000. A draft for this amount was placed in the hands of the appellant, and he received the moneys thereon. On the same day he gave back to the petitioner his check for $400, payable to her order, as administratrix, and agreed that the sum of $600 should be paid for the benefit of James H. Mahar, one of the next of kin. She testified that she told the appellant that she wished this amount to be paid to two designated creditors of James. The appellant, however, did not pay any part of it to them, but instead thereof he paid various amounts to or for his benefit, aggregating $382.57, leaving a balance in his hands out of such $600 of the sum of $217.43. The appellant testified that such $382.57 was paid out to various persons at various times, and was so paid out with the consent and approval of James and his sister Margaret, the petitioner, and this testimony is not denied. The appellant now claims a lien upon all the moneys remaining in his hands. The check for $400, which he gave to the petitioner, was presented for payment to the bank on which it was drawn, and payment thereof refused, and it still remains unpaid. Many of the services rendered by the appellant and for which compensation is claimed in this proceeding were subsequent to the nonpayment of the check. Further facts are stated in the opinion.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Peter A. Delaney, for appellant.

F. G. Draper, for respondent.

PER CURIAM. The determination of this appeal requires the application of different principles with reference to the $400 than those which should properly apply to the $217.43. With reference to the $400, we agree with the learned referee that the same is not properly chargeable with a lien in favor of the appellant. He not only had received $100 from her on account of expenses of administration, but he failed to pay the check for $400, which he had given her. It is true that he rendered some services to her as administratrix after the check was dishonored. After that he prepared her accounts as administratrix, and presented them to the Surrogate's Court for settlement. In those accounts he included the $100 as moneys paid to him for "services for appointment as administratrix." He made no claim at that time against her for other services, and asked for no allowance to him for services upon the accounting, and the testimony shows that he promised to pay her the amount he owed her. Even if the appellant was equitably entitled to be paid more for the services which he rendered to the petitioner as administratrix than he has received, the account prepared by him as her attorney has put it beyond her power, after the final settlement, to be reimbursed for any moneys she might now be required to pay to him. His time for the adjustment of any claim he had for services other than those included on the accounting was on the accounting itself, and he should not now be heard to say he has a lien upon this $400 for any services rendered, under the circumstances appearing here. We conclude therefore that the order, so far as it covers that amount and interest thereon, is correct.

We think, however, that the referee was in error in reporting that the appellant should be required to pay over to the petitioner the $217.43 and the interest thereon. The $600 above mentioned was in-

cluded in the petitioner's accounts as administratrix as having been paid over to James H. Mahar as his share as one of the next of kin. The amount was in fact paid over to the appellant, who was acting as his attorney. The latter has expended for his benefit all but $217.43 thereof and claims a lien on that amount for his services to him. These moneys do not belong to the petitioner, and under the proof she has no trust relations or obligations concerning them, and she cannot recover them in this proceeding as moneys belonging to her, for the simple reason that they do not belong to her, but do belong to James subject to any lien that his attorney may have upon them, the amount of which cannot be determined in this proceeding. The order should be modified by deducting the sum of $217.43 and interest from the amount required to be paid. This will leave it so that, if the appellant has a valid claim against these moneys as the property of James for services rendered to him, it may be enforced; and if, on the other hand, they are not properly chargeable with a lien for such services, James may recover them in a proper proceeding for that purpose.

The order should be modified accordingly, and, as so modified, affirmed, without costs to either party.